IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHANTELLE WILSON     *
301 Robert Price Court     *
Glen Burnie, MD 21060     *
Anne Arundel County     *
     **Plaintiff,**     *
    *     **Civil Action No.:**_____
**v.**     *
    *
**EMERGE, INC.**     *     **Class Action Under State Law**
9108 Rumsey Road     *
Suite D2     *     **Collective Action Under the FLSA**
Columbia, MD 21405     *

    <u>**Serve On Resident Agent:**</u>     *     **Jury Trial Requested**
    David H. Wamsley     *
    9150 Rumsey Road     *
    Suite D2     *
    Columbia, MD 21405     *
    **Defendant.**     *    *    *    *    *    *    *

## <u>COMPLAINT FOR OWED WAGES</u>

Plaintiff, Chantelle Wilson, files this Complaint for Owed Wages against Defendant, Emerge Inc., who willfully violated the Fair Labor Standards Act ("FLSA"), Maryland Wage and Hour Law ("MWHL"), and Maryland Wage Payment and Collection Law ("MWPCL") when it refused to pay Plaintiff all wages owed for all hours worked, including overtime wages. In support, Plaintiff states as follows:

### <u>PARTIES</u>

1. Plaintiff is an adult resident of the state of Maryland, Anne Arundel County.

2. Defendant is a for profit corporation, with its principal office located in Maryland and operating in Maryland.

3. Defendant provides residential support services for persons with disabilities, including in home care services.

4. Defendant serves more than 450 persons in Maryland at any given time.

5. Defendant has an annual gross revenue of at least $500,000.

6. Defendant is engaged in interstate commerce.

## FACTS CONCERNING DEFENDANT'S WAGE VIOLATIONS

7. Plaintiff was hired by Defendant in October 2012 as a house manager.

8. In September 2017, Defendant notified Plaintiff and its other employees that Defendant was eliminating the house manager position.

9. In September 2017, Defendant reclassified Plaintiff as a lead CLA and, in this position, paid her and others similarly situated, an hourly wage.

10. In 2017, Plaintiff's hourly rate of pay was $14 per hour.

11. Beginning in 2018 to present, Plaintiff's hourly rate is $15 per hour.

12. In 2019, Defendant provided Plaintiff a letter confirming her hourly rate of pay was $15 per hour.

13. Defendant pays Plaintiff on a bi-weekly basis.

14. Defendant does not pay Plaintiff on a salary basis.

15. Plaintiff's paychecks vary every pay period.

16. Plaintiff does not supervise other employees.

17. Plaintiff performs manual labors.

18. During all relevant time in this lawsuit, Defendant assigned Plaintiff to attend to just one resident, an adult (age 30) who suffers from severe autism.

19. Plaintiff performs her labors at the house for the one resident.

20. Due to the resident's strength, size and sometimes temper, Plaintiff also works with another attendant.

21. Plaintiff's job duties are to care for this one resident.

22. Plaintiff's co-attendant does the same work.

23. Plaintiff's regular schedule alternates every other week.

24. During one week of each pay period, Plaintiff works five days a week, 16 hours per day, from 8:00 a.m. to 4:00 p.m. and the 4:00 p.m. to midnight. That totals 80 hours per week.

25. During the other week of each pay period, Plaintiff works five days a week, 16 hours per day, from 8:00 a.m. to 4:00 p.m. and the 4:00 p.m. to midnight. She then works an additional 32 hours on the weekend. That totals 112 hours per week.

26. Each bi-weekly pay period, Plaintiff works at least 192 hours.

27. Plaintiff is required keep track of her hours worked for each shift on timesheets in Microsoft Access.

28. For example, for a morning shift, Plaintiff will start at 7:59 a.m. and end at 3:59 p.m.

29. Then, on the same day, Plaintiff will start her second shift at 3:59 p.m. and end at 11:59. p.m.

30. For each shift, Plaintiff is required to enter one of three different job titles in the "Location Name" field in Microsoft Access ("Access").

31. Defendant labels Plaintiff and others similarly situated with three different job titles, even though the work is exactly the same:

    a.   Weekend staff;

    b.   CLA & ONA; and

    c.   Counselor

3

32. Plaintiff performs the same job duties during every shift, regardless of what job title Defendant uses.

33. Defendant pays Plaintiff different rates of pay for each shift, depending on the job title Defendant uses.

34. Defendant never pays Plaintiff her guaranteed hourly rate of pay, which is currently $15 per hour.

35. Defendant allocates Plaintiff's hours worked across the three different job titles so that she does not work over 40 hours per week in any one position in an unlawful attempt to avoid paying her overtime wages.

36. As an example of Plaintiff's schedule and Defendant's use of different job titles, Plaintiff worked the following dates and times:

| DATE | POSITION 1 | HOURS WORKED 1 | POSITION 2 | HOURS WORKED 2 | TOTAL HOURS |
|------|-----------|----------------|------------|----------------|-------------|
| 7/23/2018 | Kenwood - CLA & ONA | 7:59am-3:59pm | Kenwood Counselor | 3:59pm-11:59pm | 16 |
| 8/1/2018 | Kenwood - CLA & ONA | 7:59am-3:59pm | Kenwood Counselor | 3:59pm-11:59pm | 16 |
| 8/18/2018 | Kenwood - CLA & ONA | 8:00am-5:00pm | Kenwood Weekend Staff | 7:59am-3:59pm | 17 |
| 8/19/2018 | Kenwood Weekend Staff | 5:59pm-11:59pm | Kenwood - CLA & ONA | 12:01am-8:01am | 14 |
| 10/1/2018 | Kenwood - CLA & ONA | 7:59am-3:59pm | Kenwood - CLA & ONA | 3:59pm-11:59pm | 16 |
| 10/12/2018 | Kenwood - CLA & ONA | 7:59am-3:59pm | Kenwood - CLA & ONA | 3:59pm-11:59pm | 16 |

| 11/1/2018 | Kenwood - CLA & ONA | 7:59am-3:59pm | Kenwood Counselor | 3:59pm-11:59pm | 16 |
|---|---|---|---|---|---|
| 12/22/2018 | Kenwood - CLA & ONA | 12:01am-8:01am | Kenwood Weekend Staff | 8:01am-5:01pm | 17 |

37. Plaintiff's paystubs show that Plaintiff works in excess of 40 hours a week, but is not paid the proper hourly rate of $15 per hour or the proper overtime rate at one and one-half times her hourly rate of pay, which equals $22.50, for all overtime hours worked.

38. For example, on her paystub for the period of June 7, 2021, to June 20, 2021, Defendant shows Plaintiff worked 180 hours in the two-week period. During that time, Plaintiff was paid two different "REGULAR" hourly rates, $13.37 and $13.05. Plaintiff was also paid two different overtime rates, $19.57 and $20.06.

39. For example, on her paystub for the period of January 4, 2021, to January 17, 2021, Defendant shows Plaintiff worked 191.97 hours in the two-week period. During that time, Plaintiff was paid two different "REGULAR" hourly rates, $12.91 and $13.37 per hour. Plaintiff was also paid two different overtime rates, $19.36 and $20.06.

40. For example, on her paystub for the period of July 6, 2020, to July 19, 2020, Defendant shows Plaintiff worked 191.97 hours in the two-week period. During that time, Plaintiff was paid two different "REGULAR" hourly rates, $13.00 and $12.42. Plaintiff was also paid two different overtime rates, $18.64 and $19.50.

41. As evidenced by Plaintiff's paystubs, Defendant did not pay Plaintiff for all hours worked, including all overtime hours worked.

42. Defendant did not pay Plaintiff her guaranteed hourly rate for all hours worked.

43. Defendant did not pay Plaintiff the proper overtime rate, at a rate of one and one-half times

her guaranteed hourly rate, for all overtime hours worked as required by the FLSA, 29 U.S.C. § 207 and the MWHL, Md. Ann. Code, Labor & Employment, §3-415.

44. Defendant, by allocating Plaintiff's hours worked across three different positions, did not properly calculate her total overtime hours worked each week.

45. As an hourly, non-salaried employee, Plaintiff was a non-exempt employee, entitled to overtime pay, under the FLSA and MWHL.

46. Plaintiff satisfies all requirements for maintaining claims under the MWHL, the MWPCL, and the FLSA.

47. From the beginning of her employment with Defendant, Defendant made it known that it would not pay Plaintiff, or any other employees, their owed unpaid overtime wages for all overtime hours worked.

48. During her orientation, in October 2012, which was attended by hourly and salaried employees, Defendant told Plaintiff and the other employees that Defendant had worked with their attorneys, found a loophole in the system regarding overtime wages, and people had tried to come after them about wages and no one had been successful.

49. Then, in 2019, during a mandatory meeting, Rodney Jenkins, Defendant's Director of Transportation and Safety, told Plaintiff and all other employees present something akin to, "you cannot sue your employer and still expect to have a job."

50. Defendant willfully and intentionally failed to pay Plaintiff at a rate of one and one-half times her regular rate of pay for all overtime hours worked over 40 hours in a work week, as required by the MWHL, Labor and Employment § 3-415(a), and the FLSA, 29 U.S.C. § 207.

51. Defendant willfully and intentionally violated the provisions of the Maryland Labor &

Employment Code by failing to timely pay Plaintiff all overtime wages due for work that all overtime hours worked, as required by the Maryland Wage Payment and Collection Law, Labor and Employment § 3-505.

52. Over two weeks have elapsed from the date on which Defendant was required to have paid Plaintiff all owed wages, at the correct hourly rate, including all overtime wages, as required by the Maryland Wage Payment and Collection Law, Labor and Employment § 3- 507.2(a).

53. Defendant's failure to pay Plaintiff all of her owed wages, including overtime wages, at the correct rate, for all hours worked, including all overtime hours worked was not done in good faith and was willful.

54. Defendant's failure to pay Plaintiff all of her owed wages, including overtime wages, at the correct rate, for all hours worked, including all overtime hours worked was not the result of a bona fide dispute.

55. Upon information and belief, Defendant has never had the required notices of employee wage and hour rights posted on its premises.

56. Defendant has been sued in federal court in the recent past for wage-hour violations

## VENUE

57. Original jurisdiction in this Court is granted by the FLSA, 29 U.S.C.A. § 207 *et seq.*; this Court also has subject matter jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. § 1331.

58. Venue is appropriate in this jurisdiction based upon the occurrence of the unlawful events, central to this lawsuit, within this District in the State of Maryland.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

59. This action is concurrently maintainable as an "opt-in" collective action pursuant to 29 U.S.C.A. §216(b) as to the claims for unpaid overtime wages, liquidated damages, and attorneys' fees under the FLSA.

60. Plaintiff consents to be a party plaintiff in this matter.

61. Plaintiff's consent is attached to this Complaint as Exhibit 1.

62. It is likely that other similarly situated individuals employed or previously employed by Defendant as hourly, non-exempt employees, who performed the same job duties as Plaintiff, will join Plaintiff during the litigation of this matter and file written consents to "opt in" to this collective action.

63. The other current and former employees of Defendant who are similarly situated to Plaintiff were subjected to the same unlawful pay policies and practices by the Defendant.

64. These similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's records.

65. Defendant subjected the similarly situated employees to the same pay policies and practices as Plaintiff.

66. The similarly situated employees would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit.

67. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C.A. §216(b), for the purpose of adjudicating their claims for unpaid overtime wages, liquidated damages and attorneys' fees under the FLSA.

## CLASS ACTION FOR STATE LAW VIOLATIONS

68. Plaintiff seeks class action status on theirs claims arising under the MWHL, and MWPCL.

69. Plaintiff seeks class action status of her MWHL and MWPCL claims for similarly situated hourly workers who worked for Defendant at any time during three years prior to the filing of this lawsuit through the present date, in Maryland, and were not paid the required wages for all hours worked, at the correct hourly rate, including overtime wages.

70. The class is so numerous that joinder of all members is impracticable because the number of workers likely exceeds 50.

71. Class action is a superior method because these workers are numerous and unknown but easily identifiable through Defendant's records.

72. Questions of law or fact common to the class, including the core claim that Defendant failed to pay all Plaintiff and similarly situated employees the required wages at the correct hourly rate, including overtime wages.

73. Claims and defenses of the representative party are typical of the claims or defenses of the class because Defendant subjected the entire workforce to the same illegal pay policies and, upon information and belief, continue to do so through the present date.

74. The representative party will fairly and adequately protect the interests of the class because the Plaintiff is similarly situated to the class and has identical claims and burdens of proof as the class.  Plaintiff's litigation will further the class's interests.

75. A class action furthers judicial economy because Plaintiff's claims and the class claims require the same proof and elicit the same defenses.

76. A class action reduces the risk of an unjust result to nearly identical claims due to the vagaries of litigation.

77. A class action permits unified discovery and reduces burdensome duplicate discovery and discovery disputes.

## VIOLATIONS OF LAW

### COUNT I – VIOLATIONS OF THE MARYLAND WAGE AND HOUR LAW, FAILURE TO PAY THE REQUIRED OVERTIME WAGE

78. All allegations of the Complaint are expressly incorporated herein.

79. Plaintiff was required to work in excess of 40 hours per workweek.

80. As an hourly employee, Plaintiff was a non-exempt employee under the Maryland Wage and Hour Law, Labor and Employment §§3-403, 3-415(a), entitling her to be paid overtime at a rate of one and one and one-half times her regular rate of pay for all hours worked in excess of a forty-hour workweek.

81. Defendant willfully violated the provisions of the Maryland Labor & Employment Code by failing to compensate Plaintiff for overtime hours worked at a rate of one and one and one-half times her regular rate of pay for all hours worked in excess of a 40 hour workweek.

82. As a result of the unlawful acts of Defendant, Plaintiff has been deprived overtime wages in amounts to be determined at trial, and is entitled to recovery of such amounts, plus liquidated damages, attorney's fees, and costs.

83. There is no bona fide dispute that Plaintiff is owed the requested wages.

84. Relief requested – Plaintiff requests that: (a) Defendant be ordered to pay her all overtime wages owed at a rate of one and one-half times her regular rate of pay for all overtime hours worked; (b) that she be awarded an additional amount of liquidated damages; (c) that she be awarded pre- and post- judgment interest; and (d) that she be awarded her attorney's fees and costs. Plaintiff also asks that this Count be certified as a class action.

### COUNT II – VIOLATIONS OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW, FAILURE TO TIMELY PAY ALL WAGES DUE

85. All allegations of the Complaint are expressly incorporated herein.

86. Defendant has not paid Plaintiff all of her owed wages at the correct hourly rate, including overtime wages.

87. Pursuant to the MWPCL, Md. Code Ann., Labor & Empl. § 3-502, Defendant was obligated to pay Plaintiff for all wages earned on a regular basis, including overtime wages, at the correct hourly rate.

88. Defendant's actions in failing to pay Plaintiff all of her owed wages at the correct hourly rate, for all hours worked, including overtime wages for all overtime hours worked, were willful violations of the MWPCL.

89. Over two weeks have elapsed from the date on which the Defendant was required to have paid Plaintiff all of her owed wages at the correct hourly rate, including overtime wages for all overtime hours worked as required by the Maryland Wage Payment and Collection Law, Labor and Employment § 3- 507.2(a).

90. There is no bona fide dispute as to the overtime wages owed to Plaintiff.

91. <u>Relief requested</u> – Plaintiff requests that: (a) Defendant be ordered to pay her all owed wages, including overtime wages; (b) she be awarded treble damages; (c) that she be awarded pre- and post- judgment interest; and (d) she be awarded her attorney's fees and costs. Plaintiff also asks that this Count be certified as a class action.

## COUNT III – <u>FLSA CLAIM FOR OWED OVERTIME/WILLFUL VIOLATIONS</u>

92. All allegations of the Complaint are expressly incorporated herein.

93. Plaintiff is entitled to overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 207 for all overtime hours worked.

94. Defendant violated the provisions of the Fair Labor Standards Act by willfully and intentionally failing and refusing to pay Plaintiff all overtime wages at a rate of one and

one-half times her regular rate of pay for all overtime hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. § 207.

95. <u>Relief requested</u> – Plaintiff requests that: (a) Defendant be ordered to pay her all overtime wages for all overtime hours worked; (b) liquidated damages be assessed against Defendant; (c) she be awarded pre- and post- judgment interest; and (d) she be awarded her attorneys' fees and costs. In addition, Plaintiff requests that an Order issue certifying this Count as a collective action and enjoining Defendant to comply with the FLSA. Plaintiff further requests that this Court issue an affirmative injunction directing that Defendant appoint an independent third party, trained in wage-hour compliance, to monitor and supervise its pay practices.

Respectfully submitted,

Stephen Lebau, Bar #07258
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Towson, Maryland 21204
tel. 443.273.1203
fax. 410.296.8660
sl@joblaws.net

Devan M. Wang, Bar #30211
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Towson, Maryland 21204
tel. 443.273.1207
fax. 410.296.8660
dw@joblaws.net

*Attorneys for the Plaintiff*

## REQUEST FOR JURY TRIAL

Plaintiff requests that a jury of her peers hear and decide the claims asserted in this Complaint.

Devan M. Wang, #30211